IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN P. BENNETT, | ) |
|     Plaintiff, | ) File No. 4:17cv130-JRH/GRS |
| vs. | ) COMPLAINT |
| PUBLIC LAW BOARD NO. 7694, CSX TRANSPORTATION and BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, | ) |
|     Defendants. | ) |

NOW COMES JOHN P. BENNETT, Plaintiffs in the above styled matter and show the following in their Complaint against these Defendant:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of Bryan County, Georgia.

2. Public Law Board No. 7694 (hereinafter "Board") is a grievance arbitration tribunal formed by the National Mediation Board to resolve disputes between an individual, a railroad entity and a union established by the Railway Labor Act. The Board may be served with a copy of this complaint at its principal office located at 1301 K St. NW Suite 250 E. Washington, DC 20005-7011.

3. CSX Transportation (hereinafter "CSX") is a foreign corporation, who may be served with a copy of this complaint at its principal office is located at 6735 South Point Drive, S., Jacksonville, Florida 30318.

1

4. Brotherhood of Locomotive Engineers and Trainmen (hereinafter "BLE") is a division of the Rail Conference – International Brotherhood of Teamsters and may be served at 196 Highway 28-N, Abbeville, SC  29620.

5. This Court has jurisdiction over this action pursuant to 45 U.S.C. Section 153, Section 3.

## STATEMENT OF FACTS[1]

6. Plaintiff realleges each and every allegation contained in Paragraphs One (1) through Five (5) of his Complaint, inclusively, of their Complaint as fully and completely as though each Paragraph were restated verbatim herein.

7. Plaintiff was a sixteen-year employee of CSX Transportation.

8. On January 5, 2014, Plaintiff was taken out of service by CSX for allegedly speeding in excess of ten (10) miles per hour over the posted speed limit, while driving his train from Jacksonville to Savannah terminal.  Said offense is deemed a major infraction.

9. Following an investigation, Plaintiff was then terminated as the result of that alleged infraction.

10. In May, 2015, Plaintiff appeared before the Board to appeal his termination from CSX resulting from the alleged infraction.

11. On July 15, 2015, the Board ruled in favor of CSX thereby upholding the company's termination of the Plaintiff.

12. Plaintiff contends that the ruling of the Board was unreasonable, arbitrary and capricious in that several conductors and engineers were found to have committed the same offense during

---

[1] All Factual allegations contained herein are made on either actual knowledge or upon information and belief.

the same time period, yet the Board reinstated some employees and not others. Some of the reinstated employees had discerning driving records.

13. Plaintiff contends that the decision of the Board should not stand because the Board failed to confine its investigation and order to matters within the scope of its jurisdiction in that the Board was allowed to consider a previous major infraction charged against the Plaintiff nine (9) years previous to the arbitration hearing. CSX has a three (3) year rolling policy which would require any such infraction of that age not be considered in the arbitration hearing.

14. The speed zone in which it was alleged that Plaintiff was traveling in excess of ten (10) miles over the speed limit was designated as a temporary slow zone by CSX. Plaintiff contends that the Event Recorder Automatic Download (ERAD) used as evidence does not recognize temporary slow zones and therefore should not have been introduced as evidence against him. As such, Plaintiff contends that the decision of the Board should not stand because the Board failed to confine its investigation and order to matters within the scope of its jurisdiction in that the Board.

15. Plaintiff contends that the decision of the Board should not stand because the Board failed to confine its investigation and order to matters within the scope of its jurisdiction in that the Board was allowed to hear statements concerning Plaintiff's Medical Leave Act absences during his employment.

16. Plaintiff contends that the decision of the Board should not stand because the Board was provided video evidence showing a train traveling into the speed zone at a speed in excess of ten (10) miles per hour. However, upon information and belief, Plaintiff avers that the video evidence did not show his train, but a train engineered by someone other than Plaintiff. This act tantamounts to fraud and/or corruption committed by the CSX member of the Board.

Wherefore Plaintiff respectfully requests that the order entered into on July 15, 2015 by Public Law Board No. 7694 be vacated and that Plaintiff be reinstated to his employment with CSX Transportation retroactively to January 5, 2014, that he be awarded back wages from January 5, 2014 forward and for such other or further relief as this Court may deem fair, equitable and appropriate.

Respectfully submitted, this the __13th__ day of July, 2017.

John P. Bennett,
Pro se*
44 Belle Grove Circle
Richmond Hill, Georgia 31324
(912) 656-5646

*This document was prepared by attorney Gregory E. Bennett, Ga. Bar #050510 (inactive), Post Office Box 1516, Seymour, Tennessee 37865, telephone number (865)310-5655, email - gebennett@bellsouth.net, at the request of and with information supplied to him from the pro se litigant. Pro se litigant has been advised that the attorney preparing this document has not and does not offer any legal opinion or advise upon which said litigant can or should rely. Said litigant is also advised that the above attorney does not represent said litigant.

## COST BOND

The undersigned acknowledges himself liable for the costs of this cause.

Principal:

John P. Bennett

```
Court Name: Southern District of Georgia
Division: 4
Receipt Number: SAV029902
Cashier ID: jmclembr
Transaction Date: 07/13/2017
Payer Name: JOHN P BENNETT
----------------------------------------
CIVIL FILING FEE
  For: JOHN P BENNETT
  Case/Party: D-GAS-4-17-CV-000130-001
  Amount:         $400.00
----------------------------------------
CASH
  Amt Tendered:  $400.00
----------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00
```