UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **JOHN P. BENNETT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )  CASE NO.: 4:17CV130-JRH/GRS |
| | ) |
| **PUBLIC LAW BOARD NO. 7694,** | ) |
| **CSX TRANSPORTATION and** | ) |
| **BROTHERHOOD OF LOCOMOTIVE** | ) |
| **ENGINEERS AND TRAINMEN,** | ) |
| | ) |
|     **Defendants.** | ) |

*MEMORANDUM IN SUPPORT OF*
*MOTION OF DEFENDANT BLET TO DISMISS*

Defendant Brotherhood of Locomotive Engineers and Trainmen ("BLET") has moved the Court to dismiss the *Complaint* under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted against it. In support of its *Motion*, BLET shows as follows:

The purpose of the *Complaint* is to set aside the award of Public Law Board No. 7694 upholding defendant CSX Transportation's ("CSXT") dismissal of the Plaintiff from its employ. The *Complaint* alleges jurisdiction to exist pursuant to 45 U.S.C. §153. That is a provision of the Railway Labor Act, 45 U.S.C. §151 *et seq*., which governs the handling of disputes like the one between plaintiff and CSXT. Section 3, First (i) of the RLA states:

> The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions,…shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

Section 3, Second of the RLA allows such disputes to be presented to a special board of adjustment, also known as a Public Law Board to be resolved. 45 U.S.C. §153, Second; *Atchison, Topeka &*

*MEMORANDUM IN SUPPORT OF*
*MOTION OF DEFENDANT BLET TO DISMISS*
*CASE NO.: 4:17CV130-JRH/GRS*
*BENNETT v. PUBLIC LAW BOARD NO. 7694, et. al.*

---

*Santa Fe Ry. v. Buell*, 480 U.S. 557, 563 (1987); *Woodrum v. Southern Ry. Co.*, 750 F.2d 876, 880 (11th Cir. 1985); *Atchison, Topeka & Santa Fe Ry. v. United Transp. Union*, 175 F.3d 355, 357 fn. 3 (11th Cir. 1999); *Jones v. St. Louis-San Francisco Ry. Co.*, 728 F.2d 257, 262 fn 4. (6th Cir. 1984); *Watts v. Union Pacific R. Co.*, 796 F.2d 1240, 1243 (10th Cir. 1986). Public Law Board No. 7694 is such a board. *Complaint* 2.

Awards of Public Law Boards are subject to review under Section 3, First (q) of the Act which provides, in relevant part:

> If any employee…is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee… may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order….The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

Section 3, Second, provides, in relevant part that the awards of Public Law Boards:

> shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day named. Compliance with such awards shall be enforcible [sic] by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board.

See, *Brotherhood of Loc. Engrs. v. St. Louis S.W. Ry.*, 757 F.2d 656, 660 (5th Cir. 1985); *Woodrum, supra*; *Jones, supra* at 261; *Watts, supra* at 1243 fn. 3. The statute does not require an employee aggrieved by the award of a Public Law Board to name his union as a party in an action to set aside a Public Law Board decision. Nor is it necessary for an employee's union to participate in an action

*MEMORANDUM IN SUPPORT OF*
*MOTION OF DEFENDANT BLET TO DISMISS*
*CASE NO.: 4:17CV130-JRH/GRS*
*BENNETT v. PUBLIC LAW BOARD NO. 7694, et. al.*

---

under Sections 3, First (q) and 3, Second, because the standards the Court must apply to weigh the merits of the *Complaint* are specifically tied to the award itself.  For this reason, BLET is entitled to be dismissed.

In addition, the *Complaint* here sets forth no allegations or claims against BLET.  The relief sought is to have the Public Law Board's order "vacated and that Plaintiff be reinstated to his employment with CSX Transportation retroactively" to the date he was discharged with full backpay.  This is not relief the union can provide.  For this reason too BLET is entitled to dismissal.

Respectfully submitted, this 7th day of September, 2017.

> **BIGNAULT & CARTER, LLC**
> **BY:**
> **S/ W. PASCHAL BIGNAULT, GA BAR #056862**
> **S/ LORI A. CARTER, GA BAR #114568**
> **S/ S. ELISABETH PRICE, GA BAR #985832**
> **PARK SOUTH - UNIT F9**
> **7505 WATERS AVENUE**
> **SAVANNAH, GEORGIA 31406**
> **TELEPHONE : (912) 356-0388**
> **FACSIMILE   : (912) 356-0399**
> **E-MAIL         : Pbignault@bc-laws.com**
> **                     : Lcarter@bc-laws.com**
> **                     : Eprice@bc-laws.com**
>
> **ZWERDLING, PAUL, KAHN & WOLLY, P.C.**
> **BY:**
> **S/ MICHAEL S. WOLLY, DC BAR#225482**
> **1025 CONNECTICUT AVE., NW, SUITE 712**
> **WASHINGTON, D.C. 20036**
> **TELEPHONE : (202) 857-5000**
> **FACSIMILE   : (202) 223-8417**
> **E-MAIL         : mwolly@zwerdling.com**
>
> **Attorneys for Defendant BLET**

*MEMORANDUM IN SUPPORT OF*
*MOTION OF DEFENDANT BLET TO DISMISS*
*CASE NO.: 4:17CV130-JRH/GRS*
*BENNETT v. PUBLIC LAW BOARD NO. 7694, et. al.*

*CERTIFICATE OF SERVICE*

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing, and via U.S. mail to the following:

John P. Bennett
44 Belle Grove Circle
Richmond Hill, Georgia 31324

Respectfully submitted this 7th day of September, 2017.

**BIGNAULT & CARTER, LLC**
**BY:**
**S/ W. PASCHAL BIGNAULT, GA BAR#056862**
**S/ LORI A. CARTER, GA BAR #114568**
**S/ S. ELISABETH PRICE, GA BAR #985832**
**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE : (912) 356-0388**
**FACSIMILE   : (912) 356-0399**
**E-MAIL         : Pbignault@bc-laws.com**
**                       : Lcarter@bc-laws.com**
**                       : Eprice@bc-laws.com**

**ZWERDLING, PAUL, KAHN & WOLLY, P.C.**
**BY:**
**S/ MICHAEL S. WOLLY, DC BAR#225482**
**1025 CONNECTICUT AVE., NW, SUITE 712**
**WASHINGTON, D.C. 20036**
**TELEPHONE : (202) 857-5000**
**FACSIMILE   : (202) 223-8417**
**E-MAIL         : mwolly@zwerdling.com**

**Attorneys for Defendant BLET**