# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| John P. Bennett,<br><br>    Petitioner,<br><br>    v.<br><br>Public Law Board No. 7694, CSX Transportation, Inc., and Brotherhood of Locomotive Engineers and Trainmen,<br><br>    Respondents. | Civil Action No. 4:17-cv-130-JRH-GRS |

### RESPONDENT CSX TRANSPORTATION, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

Respondent CSX Transportation, Inc. ("CSXT"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Petition to Review ("Petition"), filed by John P. Bennett ("Petitioner"). CSXT repeats and provides no response to the headings used by Petitioner (*e.g.*, "Parties, Jurisdiction, and Venue," "Statement of Facts" etc.), as those headings are not part of the body of the Petition. To the extent a response to these headings is deemed necessary, CSXT denies any allegations contained in any heading.

### ANSWER

### PETITION TO REVIEW

The unnumbered paragraph at the beginning of the Petition is a statement introducing the Petition and requires no response. To the extent a response is required, CSXT admits that Petitioner brings the Petition at issue against CSXT, but denies that such review is appropriate,

and denies any remaining allegations contained in the unnumbered paragraph at the beginning of the Petition.

## PARTIES, JURISDICTION, AND VENUE

1. CSXT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Petition and therefore denies those allegations.

2. CSXT admits that Public Law Board No. 7694 is a grievance arbitration tribunal formed by the National Mediation Board to resolve disputes between CSXT and the Brotherhood of Locomotive Engineers and Trainmen. CSXT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Petition and therefore denies those allegations.

3. CSXT admits that it is a foreign corporation organized under the laws of the State of Virginia, with its principal place of business in Jacksonville, Florida. CSXT denies the remaining allegations contained in Paragraph 3 of the Petition.

4. CSXT admits that the Brotherhood of Locomotive Engineers and Trainmen is a division of the Rail Conference of the International Brotherhood of Teamsters. CSXT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Petition and therefore denies those allegations.

5. CSXT admits that the court has subject-matter jurisdiction over this action under 45 U.S.C. § 153, First (q).

## STATEMENT OF FACTS[1]

6. CSXT restates and reincorporates each of the admissions and denials in the preceding paragraphs as if fully rewritten herein.

---

[1] CSXT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Footnote 1 of the Petition, and therefore denies those allegations.

7. CSXT admits the allegations contained in Paragraph 7 of the Petition.

8. CSXT admits the allegations contained in Paragraph 8 of the Petition.

9. CSXT admits the allegations contained in Paragraph 9 of the Petition.

10. CSXT admits the allegations contained in Paragraph 10 of the Petition.

11. CSXT admits the allegations contained in Paragraph 11 of the Petition.

12. CSXT admits that Public Law Board No. 7694, which heard Mr. Bennett's appeal, also heard the appeals of other employees charged with speeding, and that the Board reinstated some of these employees under various conditions, and upheld the dismissals of others, depending on the circumstances of the violation, the evidence provided in support of it, and the dismissed employee's disciplinary history.  CSXT denies the remaining allegations contained in Paragraph 12 of the Petition.

13. CSXT admits that the Board was allowed to consider a previous major infraction that Petitioner committed nine years prior to the speeding infraction that led to his termination. CSXT denies the remaining allegations contained in Paragraph 13 of the Petition.

14. CSXT admits that the speed zone in which Petitioner exceeded the speed limit by greater than ten miles per hour was designated by CSXT as a temporary slow zone.  CSXT denies the remaining allegations contained in Paragraph 14 of the Petition.

15. CSXT admits that one of the exhibits submitted to the Board noted the days on which Petitioner took Family and Medical Leave Act leave.  CSXT denies the remaining allegations contained in Paragraph 15 of the Petition.

16. CSXT denies the allegations contained in Paragraph 16 of the Petition.

In response to the paragraph commencing "WHEREFORE" on page 4 of the Petition, CSXT denies that Petitioner is entitled to any of the relief requested in that paragraph or to any relief whatsoever.

## GENERAL DENIAL

CSXT denies all allegations contained in the Petition not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. The Petition, in whole or in part, fails to state a claim upon which relief may be granted.

2. Judicial review of arbitration awards under the Railway Labor Act is "among the narrowest known to the law." *Atchison, Topeka & Santa Fe R.R. v. Buell*, 480 U.S. 557, 563 (1987). Petitioner has failed to show that the Award of the PLB failed to conform or confine themselves to matters within its jurisdiction or comply with the requirements of the RLA within the meaning of 45 U.S.C. § 153, First (q).

3. CSXT expressly reserves the right to raise additional affirmative defenses.

WHEREFORE, having fully answered Petitioner's Petition, CSXT respectfully requests that the Petition be dismissed with prejudice, that no relief be granted by way of the Petition, and that the Court award CSXT its costs and attorneys' fees and any other relief to which CSXT may be entitled.

Dated: November 10, 2017						Respectfully submitted,


								/s/*Amanda Rodman Smith*
								Amanda Rodman Smith
								HALL, BLOCH, GARLAND & MEYER, LLP
								577 Mulberry Street, Suite 1500
								P. O. Box 5088
								Macon, GA  31208
								Tel:  (478) 745-1625
								Fax:  (478) 741-8822
								amandasmith@hbgm.com


								Jacqueline M. Holmes
								(pro hac vice forthcoming)
								JONES DAY
								51 Louisiana Ave., N.W.
								Washington, D.C. 20001
								Tel: (202) 879-3939
								Fax: (202) 626-1700
								jholmes@jonesday.com


								Attorneys for Respondent
								CSX Transportation, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 10, 2017, I electronically filed a copy of Respondent CSX Transportation, Inc.'s Answer and Affirmative Defenses electronically, which will send notifications of such filing to all attorneys of record. In addition, on this day I served via U.S. mail the following:

> John P. Bennett
> 44 Belle Grove Circle
> Richmond Hill, GA 31324

> /s/ Amanda Rodman Smith_____