# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN P. BENNETT, | ) |
| | ) |
| Plaintiff, | ) File No. 4:17-CV-130-JRH-GRS |
| | ) |
| vs. | ) |
| | ) |
| PUBLIC LAW BOARD NO. 7694, | ) |
| CSX TRANSPORTATION and | ) |
| BROTHERHOOD OF LOCOMOTIVE | ) |
|   ENGINEERS AND TRAINMEN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION TO DEFENDANT CSX TRANSPORTATION**

NOW COMES Plaintiffs in the above-styled case, and requires that Defendant answer under oath and in writing the following interrogatories, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, within thirty (30) days from the date of service hereof.

NOTE A:   When used in these interrogatories, the phrases "Defendant", "csx Transportation", or any synonym thereof are intended to and shall embrace and include, in addition to CSX Transportation individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

NOTE B:   Throughout these interrogatories, wherever CSX Transportation is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

1

(a)    By whom it was made, and to whom;

(b)    The date upon which it was made;

(c)    Who else was present when it was made; and

(d)    Whether it was recorded, transcribed, identified or described in any writing in the manner indicated in NOTE C below.

   NOTE C:    Throughout these interrogatories, wherever CSX Transportation is requested to identify a communication, letter, email, document, memorandum, report or record of any type, and such communication was written, transcribed or recorded in any manner, the following information should be furnished:

(a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)    By whom it was made and to whom it was addressed;

(c)    The date upon which it was made; and

(d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

   NOTE D:    Throughout these interrogatories, wherever CSX Transportation is requested to identify a person or entity, the following information should be furnished:

(a)    The person's full name and any previous name by which that person has been known;

(b)    The person's present home and business address and telephone number at each address;

(c)    The person's occupation or employment; and

(d)    The person's place of employment.

(e)    If the interrogatory seeks to identify an entity, please identify (with the same specificity as requested herein) the person or persons that representing that entity and the like information regarding the entity itself.

NOTE E:    These interrogatories shall be deemed continuing to the extent required by law. CSX Transportation is required to (1) reasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

## INTERROGATORIES

1.    In compliance with Note D, please identify each CSX Transportation employee that was suspended, run-off or otherwise sanctioned or punished as the result of speeding in excess of ten (10) miles per hour within the temporary speed zone that gives rise to this litigation.

Answer:

3

2.  As to each person identified in Interrogatory Number 1, please identify the punishment received.

Answer:

3.  As to each person identified in Interrogatory Number 1, please list those individuals known by CSX Transportation to have exercised their rights under the Federal statute commonly referred to the Family Medical Leave Act or alternatively, had previously provided CSX Transportation with medical documentation that would excuse such an individual from work during intermittent periods of time.

Answer:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce copies of all internal CSX Transportation emails in which the temporary speed zone was a topic of conversation, even if the temporary speed zone was not specifically referenced in the email or even if that email includes additional topics of conversation.

    Response:

2. Produce copies of all internal CSX Transportation emails in which the Family Medical Leave Act was a topic of conversation, even if the Family Medical Leave Act was not specifically referenced in the email or even if that email includes additional topics of conversation.

    Response:

3. Produce copies of all internal CSX Transportation emails in which the John Bennett was a topic of conversation, even if John Bennett was not specifically referenced in the email or even if that email includes additional topics of conversation.

    Response:

4. Produce a copy of all CDs, DVDs, web pages or other transcribed or recorded material that purports to establish or disprove any of the claims alleged by CSX Transportation in Public Law Board #7694.

    Response:

5. Produce a copy of all downloads performed on any of the three (3) locomotives being engineered by John Bennett on January 3, 2014.

    Response:

5

6. Produce a copy of any document that would support Plaintiff's claim that CSX Transportation was subject to a three (3) year (or thirty-six (36) month) rolling policy which would require that any infraction committed beyond that time-period not be considered in the arbitration hearing.

Response:


7. Produce a copy of the labor agreement in effect on January 3, 2014.

Response:


8. Produce a copy of any document that would support your answers to Plaintiff's interrogatories.

Response:


Respectfully submitted this 5TH day of January, 2018.

John P. Bennett,
Pro se*
44 Belle Grove Circle
Richmond Hill, Georgia 31324
(912) 656-5646

*This document was prepared by attorney Gregory E. Bennett, Tennessee Board of Professional Responsibility #025145 (Ga. Bar #050510, inactive), Post Office Box 1516, Seymour, Tennessee 37865, telephone number (865)310-5655, email - gebennett@bellsouth.net, at the request of and with information supplied to him from the pro se litigant. Pro se litigant has been advised that the attorney preparing this document has not and does not offer any legal opinion or advise upon which said litigant can or should rely. Said litigant is also advised that the above attorney does not represent said litigant.

## CERTIFICATE OF SERVICE

I, John Bennett, do hereby certify that I have served all parties with a copy of the attached interrogatories and requests for production by placing the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the following:

>Emily M. Halliday, Attorney
>Jones Day
>51 Louisiana Avenue, N.W.
>Washington, D.C. 20001-2113
>
>Jacqueline M. Holmes, Attorney
>Hall, Bloch, Garland & Meyer, LLP
>Post Office Box 5088
>Macon, Georgia 31208-5088
>
>Lori A. Carter, Attorney
>Bignault & Carter, LLC
>7505 Waters Avenue
>Savannah, Georgia 31406

This __5 TH__ day of January, 2018.

John P. Bennett,
Pro se*
44 Belle Grove Circle
Richmond Hill, Georgia 31324
(912) 656-5646

7