# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN P. BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PUBLIC LAW BOARD NO. 7694, | )   CASE NO:   4:17-CV-130 |
| CSX TRANSPORTATION and | ) |
| BROTHERHOOD OF LOCOMOTIVE | ) |
| ENGINEERS AND TRAINMEN, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PUBLIC LAW BOARD NO. 7694'S MOTION TO DISMISS

Among other putative defendants, *pro se* plaintiff John P. Bennett has sued Public Law Board No. 7694 in this action, which seeks review of an arbitration decision denying Bennett's claim for reinstatement to his position as an engineer with CSX Transportation, Inc. As explained in this motion, Bennett has not perfected service as to Public Law Board No. 7694 within the time specified by Fed. R. Civ. P. 4(m) and the Court should dismiss Public Law Board No. 7694 pursuant to that Rule along with Fed. R. Civ. P. 12(b)(5). Furthermore, the Court should dismiss Public Law Board No. 7694 under Fed. R. Civ. P. 12(b)(6) because it is not a proper party to this action and the government has not waived its sovereign immunity.

## BACKGROUND

Bennett initiated this action on July 13, 2017, invoking jurisdiction under 45 U.S.C. § 153. Doc. 1 at ¶ 5. Bennett contends that CSX Transportation, Inc. wrongfully terminated him as an engineer for allegedly exceeding the posted speed limit by more than ten miles per hour. *Id.* at ¶¶ 8-9. Bennett appealed to the Public Law Board No. 7694 and the Board denied his appeal,

effectively upholding Bennett's termination. *Id.* at ¶¶ 10-11; *see also* Doc. 10-3. Bennett seeks to overturn the arbitration decision. Doc. 1 at ¶¶ 12-16.

Bennett's complaint contends that Public Law Board No. 7694 may be served at 1301 K Street, NW, Suite 250 E, Washington, DC 20005-7011. *Id.* at ¶ 2. The government wrote to Bennett on October 11, 2017, advising him that the National Mediation Board had received a copy of his complaint by certified mail but that service was nevertheless deficient under Fed. R. Civ. P. 4(i)(2) because he had not accomplished service upon the United States. *See* Ex. A, Letter from Bradford C. Patrick to John P. Bennett dated October 11, 2017. To date, Bennett has not perfected service.

## ARGUMENT

### I.     Bennett Has Not Completed Service within the Time Permitted by Rule 4(m).

Rule 4 prescribes various methods for accomplishing service of process depending on the type of individual or entity the plaintiff has sued. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Once challenged, the burden of proving the validity of service of process rests with the plaintiff. *See Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). Even when a suit is litigated by a *pro se* plaintiff, courts continue to observe their procedural rules, including the requirements for effecting service. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014). Matters outside the pleadings may be considered in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(5) because the validity of service of process ultimately is a jurisdictional issue. *See Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1501 n.1 (11th

Cir. 1984).

Bennett's claim against the Board should be dismissed because Bennett has not accomplished service in accordance with Fed. R. Civ. P. 4(i)(2). That Rule provides that when suing an agency or corporation of the United States, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Cf. Radin v. United States*, 699 F.2d 681, 685 (4th Cir. 1983) (observing that where plaintiff attempted to sue the National Mediation Board under the RLA, the United States was the real party in interest). Bennett, however, has only sent a copy of the summons and complaint by certified mail to the National Mediation Board. He has not served the United States.

Serving the United States is a two-step process. *See* Fed. R. Civ. P. 4(i)(1). A plaintiff must deliver a copy of the summons and complaint to the United States Attorney's Office in the district where the action is filed—here, the Southern District of Georgia—and also send a copy of the summons and complaint by registered or certified mail to the Attorney General. *Id.* Bennett took neither of these steps.

Because Public Law Board No. 7694 has not been properly served and more than 90 days have passed since the complaint's filing, Rule 4(m) provides that the Court should either dismiss Public Law Board No. 7694 without prejudice or direct proper service to be made within a specified time.[1] Bennett has had ample opportunity to accomplish service and has had actual notice

---

[1] The government notes that if a plaintiff accomplishes service on the United States Attorney or United States Attorney General but fails to serve the agency, the plaintiff is entitled to "a reasonable time to cure" the failure to comply fully with Fed. R. Civ. P. 4(i)(2). *See* Fed. R. Civ. P. 4(i)(4)(A). This provision does not apply because Bennett served only the National Mediation Board. *See Davis v. Johnson*, No. 1:15-CV-1254, 2016 WL 3277506, at *2 (N.D. Ga. March 24, 2016). Even if it did apply, Bennett has been on notice of the defect since October 11, 2017, when undersigned counsel brought it to his attention. *See* Ex. A, Letter from Bradford C. Patrick to John P. Bennett dated October 11, 2017. Four months is more than adequate opportunity for Bennett to remedy his error. *See, e.g.*, *Mares v. United States*, No. 13-CV-6187, 2014 WL 2531964, at *5 (W.D.N.Y. June 5, 2014) (58 days between notification of defect and disposition of motion to dismiss was a reasonable time to cure); *Olson v. Edwards*, No. 11-CV-72, 2013 WL

3

that service is defective for more than four months. *See* Ex. A, Letter from Bradford C. Patrick to John P. Bennett dated October 11, 2017. Dismissal, rather than another opportunity to achieve compliance with the service rules, is the appropriate outcome in light of these facts.

**II.     Public Law Board No. 7694 is Not a Proper Party to this Action.**

The government interprets Bennett's challenge to be one under 45 U.S.C. § 153, First (q), as actions to set aside an arbitration award under the Railway Labor Act (RLA) may only be pursued under this authority. *See Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978). The RLA, 45 U.S.C. § 151 *et seq.*, provides a comprehensive framework to resolve labor disputes in the railroad industry. In enacting the RLA, "Congress endeavored to promote stability in labor-management relations . . . by providing effective and efficient remedies for the resolution of railroad-employee disputes arising out of the interpretation of collective bargaining agreements." *Id.* at 94. Section 153 of the RLA created the National Railroad Adjustment Board (NRAB), "a tribunal consisting of workers and management to secure the prompt, orderly and final settlement of grievances that arise between employees and carriers regarding rates of pay, rules and working conditions." *Id.* Congress amended the RLA in 1966 to permit unions and employees to agree to the creation of labor-management adjustment boards, which are also known as special boards of adjustments and public law boards. These boards have exclusive jurisdiction over disputes involving employee discipline, including termination. 45 U.S.C. § 153, First and Second; *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 789 F.2d 139, 141 (2d Cir. 1986).

Public Law Board No. 7694 is an adjudicatory tribunal established pursuant to 45 U.S.C. § 153, Section 3, Second, serving as the final stage in the resolution of disciplinary disputes. It is a statutory alternative to the NRAB established by 45 U.S.C. § 153, First. Public Law Boards are

---

252468, at *5 (S.D. Ill. Jan. 23, 2013) (six weeks was reasonable time to cure).

comprised of three members: a representative of the carrier, a representative of the employee, and a neutral member appointed by the National Mediation Board, the federal agency responsible for financing and making appointments to the NRAB and labor management adjustment boards. Public Law Board No. 7694 performs arbitral functions essentially identical to those of the NRAB.

An employee dissatisfied with the outcome of arbitration may seek review in federal court on only three grounds. A federal district court may set aside a decision if (1) the Board fails to comply with the RLA; (2) the Board does not confine itself to matters within the scope of its jurisdiction; and (3) the Board or its members engage in fraud or corruption. 45 U.S.C. § 153, First (q); *Sheehan*, 439 U.S. at 93; *Loveless v. E. Air Lines, Inc.*, 681 F.2d 1272, 1275 (11th Cir. 1982). The Court may either affirm the Board's order, set it aside in whole or in part, or remand the proceedings. 45 U.S.C. § 153, First (q).

The RLA does not identify the potential defendants who may be subject to suit, but Courts uniformly have recognized that boards established pursuant to the RLA and their members are not proper defendants in review actions. The seminal case on the subject is *Sys. Fed'n No. 30 v. Braidwood*, 284 F. Supp. 607 (N.D. Ill. 1968). There, the Court held that the review proceeding

> is essentially a continuation of the proceedings before the Board, to which the carrier alone was a party defendant. We believe the parties in court should be the same as those before the agency. The analogy is to appellate review of trial court judgments where the appellant names his opponent below as the appellee rather than the trial judge . . . . The NRAB has neither legislative nor prosecutorial functions—it sits merely as an adjudicative body, and does not administer laws or formulate policy. Rather it resolves disputes between carriers and their employees arising under the Railway Labor Act . . . . We think the moving members of the NRAB are improper parties to a statutory petition for review and must be dismissed.

*Id.* at 610-11. Other courts echo this rationale and dismiss arbitral boards or their members from actions under the RLA. *See, e.g.*, *Mitchell v. Union Pac. R.R. Co.*, 408 F.3d 318, 320 (7th Cir. 2005); *Ozark Air Lines, Inc. v. Nat'l Mediation Bd.*, 797 F.2d 557, 563-64 (8th Cir. 1986); *Radin*

*v. United States*, 699 F.2d at 686; *Skidmore v. Consolidated Rail Corp.*, 619 F.2d 157, 159 (2d Cir. 1979) (adopting *Braidwood* and observing that "the recruitment of qualified arbitrators to serve on NRAB panels it would be a serious hindrance if members were subject to lawsuits by dissatisfied carriers or employees"), *cert. denied*, 449 U.S. 854 (1980), *reh'g denied*, 449 U.S. 1026 (1981). These holdings apply equally to special boards of adjustment like Public Law Board No. 7694. *See Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 250-51 (2d Cir. 2008) ("A special board of adjustment is as much an impartial adjudicator as the NRAB—indeed, special boards resolve disputes otherwise referable to the NRAB and are its functional equivalent—so they, too, are not proper parties to a petition for review under the RLA."); *Merchants Despatch Transp. Corp. v. Sys. Fed'n No. One Ry. Employees' Dep't AFL-CIO Carmen*, 444 F. Supp. 75, 76 (N.D. Ill. 1977), *rev'd on other grounds*, 551 F.2d 144 (7th Cir. 1977).

This Court should follow these authorities and dismiss Public Law Board No. 7694 from this action. The role of the government in RLA review actions is limited to furnishing the Court with the administrative record upon which the arbitration decision was based. 45 U.S.C. § 153, First (q); *Fong v. Am. Airlines, Inc.*, 431 F. Supp. 1340, 1341 (N.D. Cal. 1977). "This limited role does not impinge upon the right or ability of petitioner to obtain full judicial review and relief in this proceeding." *Fong*, 431 F. Supp. at 1341.

### III. Bennett's Claim Against Public Law Board No. 7694 is Barred by Sovereign Immunity

A Plaintiff cannot maintain an action against the United States when the United States has not unequivocally waived its sovereign immunity. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). The government's consent to be sued "must be construed strictly in favor of the sovereign." *Nordic Village*, 503 U.S. at 34
6

(quotations omitted). Sovereign immunity is jurisdictional, and the terms of a waiver of sovereign immunity define the Court's subject matter jurisdiction. *See JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263–64 (11th Cir. 2000).

The United States is the real party in interest to the suit against Public Law Board No. 7694 and has not waived its sovereign immunity for actions seeking review of arbitration awards under the RLA. *Radin v. United States*, 699 F.2d at 684-85; *Mitchell v. Union Pac. R.R.*, No. 05-C-3834, 2006 WL 756069, at *1-2 (N.D. Ill. March 22, 2006) (finding no statute waiving NRAB's immunity and concluding it was entitled to sovereign immunity). Thus, the Court lacks subject-matter jurisdiction to adjudicate the instant dispute as against Public Law Board No. 7694.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Public Law Board No. 7694 from this action.

Dated: March 7, 2018                    Respectfully submitted,

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY

                                        /s/ Bradford C. Patrick
                                        Assistant United States Attorney
                                        South Carolina Bar No. 102092
                                        U.S. Attorney's Office
                                        Post Office Box 8970
                                        Savannah, Georgia 31412
                                        (912) 652-4422
                                        Email: bradford.patrick@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have on March 7, 2018, served all the parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court, and sent this document via United States mail to the following non-CM/ECF participant:

>John P. Bennett
>44 Belle Grove Circle
>Richmond Hill, GA  31324

>/s/ Bradford C. Patrick
>Assistant United States Attorney
>South Carolina Bar No. 102092
>U.S. Attorney's Office
>Post Office Box 8970
>Savannah, Georgia 31412
>(912) 652-4422
>Email: bradford.patrick@usdoj.gov