## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN P. BENNETT, | * | |
| Plaintiff, | * | |
| v. | * | CV 417-130 |
| PUBLIC LAW BOARD NO. 7694; CSX TRANSPORTATION; and BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Defendants Public Law Board No. 7694 (the "Board") and the Brotherhood of Locomotive Engineers and Trainmen's (the "Brotherhood") motions to dismiss Plaintiff's Complaint. (Docs. 6, 16.) Plaintiff has failed to respond to the motions; with the time for filing a response in opposition having expired, the motion is ripe for consideration. Thus, the Board and the Brotherhood's motions are deemed unopposed. LR 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). For the following reasons, the Board and the Brotherhood's motions are **GRANTED**.

## I. BACKGROUND

The facts of Plaintiff's complaint are as follows. Plaintiff was employed as a train engineer for Defendant CSX Transportation ("CSX"). (Compl., Doc. 1, ¶ 8.) On January 5, 2015, Plaintiff was "taken out of service" and eventually terminated for operating a train at ten miles per hour over the posted speed limit. (Id. ¶¶ 8-9.) In May 2015, Plaintiff appealed his termination to the Board, an independent grievance arbitration tribunal created pursuant to the Railway Labor Act (the "Railway Act"), 45 U.S.C. § 151 et seq. (Id. ¶ 10.) On July 15, 2015, the Board upheld Plaintiff's termination. (Id. ¶ 11.) Plaintiff alleges that the Board's decision was based on fraudulent evidence and evidence of Plaintiff's conduct that was more than three years old.[1] (Id. ¶¶ 13, 15.)

On July 13, 2017, Plaintiff initiated this action for review of the Board's decision under the Railway Act. In addition to CSX, Plaintiff named the Board and the Brotherhood as defendants.[2] Plaintiff asks the Court to vacate the Board's decision, reinstate Plaintiff, and award Plaintiff damages for lost wages. The Board and the Brotherhood now move to dismiss Plaintiff's complaint.

---

[1] CSX's policy allegedly prohibits considering such evidence. (Compl. ¶ 13.)
[2] Plaintiff does not describe the Brotherhood beyond identifying its mailing address and naming it as a defendant in this case.

2

## II. LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief," which gives a defendant notice of the claim and its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include enough facts that demonstrate the plaintiff's right to relief is more than speculative, and those facts must state a plausible claim to relief. Id. at 570. While a complaint does not need to be bursting with factual allegations, there must be something more than a bare bone recital of the elements of a cause of action. Id. at 555.

However, a complaint should not be denied "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, the Court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).

### III. DISCUSSION

As a preliminary matter, Plaintiff's claim against the Brotherhood fails to comply with Federal Rule of Civil Procedure 8(a). Beyond identifying the Board as a defendant in this action, Plaintiff fails to allege any facts showing that the Brotherhood engaged in conduct that would give rise to a cause of action. Thus, Plaintiff has failed to state a claim against the Brotherhood.

Additionally, Plaintiff's claim against the Board pursuant to the Railway Act fails as a matter of law. The Railway Act was passed in response to a concern that labor disputes could disrupt the nation's railroads. 45 U.S.C. 151a. In that vein, the Railway Act creates a compulsory arbitration process to resolve disputes between a railroad carrier and its employees. 45 U.S.C. 153 First. The arbitration process is administered by the National Railroad Adjustment Board ("NRAB"), a permanent arbitration board established by the Railway Act. Id.; Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1193 n.1 (11th Cir. 2008). Because the NRAB has limited funds and is often years in back log, the parties may alternatively agree to have their dispute adjudicated by a Public Law Board ("PLB"). 45 U.S.C. § 153 Second; Int'l Bhd. of Elec. Workers v. CSX

4

Transp., Inc., 446 F.3d 714, 719 (7th Cir. 2006) (observing that "the major purpose of public law boards is to relieve workload pressure on the NRAB."). A PLB is an independent tribunal comprised of members chosen by the carrier and the employee's union. 45 U.S.C. § 153 Second. Although the board's decision is normally final, the Railway Act allows the district court to review the board's decisions upon petition of an aggrieved party. 45 U.S.C. § 153 First (p), Second. Accordingly, the instant action "is essentially a continuation of the proceedings before the Board." See Sys. Fed.'n No. 30, Railway Emp. Dep't, AFL-CIO v. Braidwood, 284 F. Supp. 607, 610 (N.D. Ill. 1968).

The Board argues that it is not a proper party to this case because it is an independent tribunal. Courts have unanimously agreed that the NRAB cannot be held liable pursuant to the Railway Act. See, e.g., Mitchell v. Union Pac. R. Co., 408 F.3d 318, 320 (7th Cir. 2005); Radin v. United States, 699 F.2d 681, 686 (4th Cir. 1983); Skidmore v. Consolidated Rail Corp., 619 F.2d 157, 159 (2d Cir. 1979). These courts have reasoned that the NRAB is an independent tribunal with no stake in the cases it decides. Skidmore, 619 F.2d at 159. Holding the NRAB liable would also frustrate the goal of creating an independent tribunal. Ollman v. Special Bd. of Adjustment No. 1063, 2015 WL 602386, at *5 (W.D. N.Y. Mar. 14, 2005) ("[I]n the recruitment of qualified arbitrators to serve on NRAB panels it would be a

5

serious hindrance if members were subject to lawsuits by dissatisfied carriers or employees."). This reasoning is equally applicable to a PLB like the Board. <u>Ollman v. Special Bd. of Adjustment No. 1063</u>, 527 F.3d 239, 251 (2d Cir. 2008). Thus, because the Board is an independent tribunal with no stake in the outcome of Plaintiff's case, it is not a proper party under the Railway Act.

## IV. CONCLUSION

Plaintiff's Complaint fails to allege any facts that would support a cause of action against the Brotherhood. Therefore, Plaintiff's claim against the Brotherhood must be dismissed. Plaintiff's claim against the Board must also be dismissed because the Board is an independent tribunal and therefore not a proper party to this case.

Upon due consideration, the Board and the Brotherhood's motions to dismiss (docs. 6, 16) are **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia this 17th day of May, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA