# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN P. BENNETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-130 |
| | ) | |
| PUBLIC LAW BOARD | ) | |
| NO. 7694, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff John P. Bennett, purporting to act *pro se*, filed this action challenging his termination by defendant CSX Transportation and defendant Public Law Board's denial of his arbitration appeal of that termination. *See* doc. 1 at 1-2. He paid the Court's required filing fee and proceeded to litigate his case. The assigned district judge granted unopposed motions to dismiss by, respectively, the Brotherhood of Locomotive Engineers and Trainmen and the Public Law Board. Doc. 19. Defendant CSX Transportation, the last remaining defendant, moved for summary judgment and plaintiff opposed. *See* docs. 21 & 25. Plaintiff has also filed a "motion for ruling" on that summary judgment motion.

1

Doc. 26. However, it has come to the Court's attention that the pleadings may be subject to dismissal under Fed. R. Civ. P. 11.

The Complaint contains the following disclaimer in an unnumbered footnote to the plaintiff's designation as "pro se":

> This document was prepared by attorney Gregory E. Bennett, Ga. Bar #050510 (inactive), Post Office Box 1516, Seymour, Tennessee 37865, telephone number (865) 310-5655, email – gbennett@bellsouth.net, at the request of and with information supplied to him from the pro se litigant. Pro se litigant has been advised that the attorney preparing this document has not and does not offer any legal opinion upon which said litigant can or should rely. Said litigant is also advised that the above attorney does not represent said litigant.

Doc. 1 at 4. This same disclaimer appears on the plaintiff's response opposing CSX's motion for summary judgment and the "Motion for Ruling." *See* doc. 23 at 5; doc. 26 at 2. These notations indicate that critical pleadings in this case, including the Complaint which initiated it, were "ghostwritten" by an attorney, who nevertheless seeks to avoid formally appearing or signing his work.

The preparation of legal documents by an attorney for signature and filing by an ostensibly *pro se* litigant is questionable, at best. Although this Court, to the undersigned's knowledge, has

never been forced to confront this practice before, courts have unanimously condemned it. *See, e.g., Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (An attorney's "actions in providing substantial legal assistance to [an ostensibly *pro se* plaintiff] not only affords [that plaintiff] the benefit of the court's liberal construction of pro se pleadings, [cit.], but also inappropriately shields [the attorney] from responsibility and accountability for his actions and counsel."). Preparation of *briefs*—to say nothing of initiating a case—for filing under the signature of a purportedly *pro se* party violates both Rule 11 and the ethical obligations all practitioners have of candor to the Court. *See, e.g., Ellis v. Maine*, 448 F.2d 1325, 1364 (1st Cir. 1971) (disapproving, in *dicta*, "actual members of the bar represent[ing litigants], informally or otherwise, and prepar[ing] briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by F. R. Civ. P. 11, but which exists in all cases, criminal as well as civil, or representing to the court that there is good ground to support the assertions made."); *see also In re Hood*, 727 F.3d 1360, (11th Cir. 2013) (distinguishing *Ellis* in case involving an attorney's filling out

a bankruptcy form for a *pro se* Chapter 13 petitioner based on the "stark contrast to a ghostwritten pro se brief . . . ."); *Downey v. Midland Funding, LLC*, 2017 WL 818786, at * 11 (N.D. Ga. Dec. 19, 2017) (noting "this Court's emphatic condemnation of the practice referred to as 'ghost writing' allegedly *pro se* complaints," and collecting cases). *But see* Jona Goldschmidt, *In Defense of Ghostwriting,* 29 FORDHAM URB. L. J. 1145 (2002) (arguing that ghostwriting "does not violate court rules or ethical principles, and does not threaten the courts' institutional interests."). Courts have condemned such evasion as "*ipso facto* lacking in candor." *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Freemont*, 868 F. Supp. 1226, 1232 (D. Colo. 1994), *disapproved on other grounds by Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Freemont*, 85 F.3d 489 (10th Cir. 1996). To the extent that John P. Bennett signed the documents in his *pro se* capacity, he is similarly bound by Fed. R. Civ. P. 11. *See* Fed. R. Civ. P. 11(c) (allowing the Court to impose sanctions on "any attorney, law firm, or party" who violated the rule).

The Court appreciates that Mr. Gregory E. Bennett included the disclaimer to alert the Court and opposing parties to his

involvement. However, the fact remains that he did not sign any of the pleadings he prepared. *See Barnett v. LeMaster* 12 F. App'x 774, 779 (10th Cir. 2001) (attorney's self-identification mitigated, but did not excuse, violation of Rule 11 by filing a ghostwritten *pro se* brief); *Ricotta v. California*, 4 F. Supp. 2d 961, 985-87 (S.D. Cal. 1998) (analyzing ghost-writing cases and concluding "that a licensed attorney does not violate procedural, substantive, and professional rules of a federal court by lending *some* assistance to friends, family members and others with whom he or she may want to share specialized knowledge. . . . Attorneys cross the line, however, when the gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door."). Pursuant to Fed. R. Civ. P. 11(c)(3), therefore, the Court **DIRECTS** Mr. John P. Bennett and Mr. Gregory E. Bennett to respond to this Order and **SHOW CAUSE** why their conduct has not violated Rule 11.

As this is a matter of first impression, the Court would benefit from more detailed argumentation than might be customary in response to a show-cause order. In particular, the Court wishes briefing on the following questions:

1. Whether all pleadings, including the Complaint, which reflect that they were ghostwritten by Mr. Gregory Bennett are void or merely voidable;

2. If either party contends that the ghostwritten pleadings are merely voidable, will Mr. Gregory Bennett enter an appearance in this case and resubmit the pleadings under his own signature;

3. If the pleadings are void and Gregory Bennett will not enter an appearance, should this case be dismissed with or without prejudice?[1]

Messrs. Bennett must submit their respective responses, or, if Gregory Bennett is prepared to enter his appearance, their joint response, within thirty days of the date of this Order. Defendant CSX Transportation shall have fourteen days from the date of plaintiff's response to file any reply of its own. Since this issue calls the validity of the Complaint and plaintiff's opposition to summary judgment into doubt,

---

[1] The issues listed are limited to the implications of the ghostwriting in this case under Fed. R. Civ. P. 11. Depending upon the outcome of this inquiry, the Court may institute further disciplinary proceedings, pursuant to Local Rule 83.5, or refer this matter to the State Bar of Georgia, as appropriate.

the currently pending motion for summary judgment is moot. The Clerk is, therefore, **DIRECTED** to terminate that motion as well as plaintiff's "Motion for Ruling." Docs. 21 & 26. If, after appropriate inquiry, the Court determines that the defects in the pleadings in this case can be and are cured, defendant will have an opportunity to renew its summary judgment motion. All other deadlines in this case are **STAYED**, pending further order from the Court.

**SO ORDERED,** this 11th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA