IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN P. BENNETT, | ) |
| Plaintiff, | ) File No. CV417-130 |
| vs. | ) |
| PUBLIC LAW BOARD NO. 7694, CSX TRANSPORTATION and BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO COURT ORDER DATED SEPTEMBER 11, 2019**

NOW COMES JOHN P. BENNETT, Plaintiff in the above-styled matter and shows this Honorable Court the following in response to the Order dated September 11, 2019.

LEGAL GHOST WRITING FOR A PRO SE PARTY – INITIAL OBSERVATIONS

In reviewing the several court decisions, legal articles and state bar opinions, it appears that various state bar associations and the American Bar Association have been more supportive to the general concept of legal ghostwriting than are the courts. At first instance, this would appear detrimental to the pro se litigant's cause as it would serve little benefit to allow the practice administratively, only to have the same practice shun by the judiciary. However, a closer analysis would show two possible explanations to the apparent divide.

First and probably most significantly, even though not all legal ghostwriting results in frivolous filings or assertions within those filings, those cases that are most apt to receive the court's attention (and thus become written opinions) are those cases that do bear some frivolous content. One such example is the case cited by this Court, <u>Duran v. Carris</u>. In that case it had been clearly established that Plaintiff continued to file questionable lawsuits (and in this case an appeal) against the Defendant. The Rule 11, "frivolous" violation was found to exist prior to the discussion of the attorney's willingness to ghostwrite the appeal in his effort to avoid a professional violation of Rule 11 himself. It is arguable that the majority of cases not involving frivolous allegations, are never subject to the ghostwriting inquiry.

A second reason for the apparent divide is simply one of time lapse. Several years back, both the courts and the state bars agreed in the opposition to ghostwriting. As the cost of litigation has increased dramatically over the years, the state bar associations have become more sympathetic to the pro se litigants and their need for inexpensive alternatives to assert or defend their actions in court proceedings. Thus, an attorney's limited scope of involvement is deemed more beneficial than no legal involvement at all.

It should also be noted that in no instance has any state bar association, nor has the American Bar Association suggested that an attorney's limited scope involvement (including ghostwriting) not be subject to the same rules of professional conduct and ethical considerations required of any attorney otherwise engaged in the practice of law.

Most of the ghostwriting issues involve whether an attorney should acknowledge his or her identity and involvement to the court or tribunal. Such is not the case in this matter as the attorney in question has clearly identified himself as both attorney and author of each document giving rise to the Court's concerns. However, even as early as 2008, the suggested resolve of ghostwriting transparency was to require attorneys to disclose their participation in their pro se client's filings. (*See*, Giving Up the Ghost: A Proposal for Dealing with Attorney "Ghostwriting" of Pro Se Litigants' Court Documents through Explicit Rules Requiring Disclosure and Allowing Limited Appearances for Such Attorneys), Michael W. Loudenslager, Marquette Law Review (Volume 92, Issue 1, Fall 2008).

Finally, Plaintiff points to a Minnesota Law Review article which provides a very good history and analysis of ghostwriting. The article is entitled Note: Capturing the Ghost: Expanding Federal Rule of Civil Procedure 11 to Solve Procedural Concerns with Ghostwriting, Jeffrey P. Justman, Minnesota Law Review (2011). After a thorough analysis, the article suggests that Rule 11 be amended to specifically subject ghostwriting and other limited scope legal activities to its requirements. (*See also*, Attorney Ghostwriting for Pro Se Litigants -A Practical and Bright-Line Solution to Resolve the Split of Authority Among Federal Circuits and State Bar Associations, Salman Bhojani, SMU Law Review, Volume 65, Issue 3, Article 5 (2012)).

ETHICAL CONSIDERATIONS OF GHOST WRITING FOR A PRO SE PARTY

In addressing whether an attorney's preparation of documents to be filed with a court or other tribunal violates any ethical obligations, the American Bar Association provided a formal opinion which not only confirmed that the act of limited legal representation was appropriate, but also concluded that the attorney not be required to identify himself as a ghostwriter of the document. (*See*, American Bar Association Formal Opinion 07-446 (May 5, 2007)). In part, the opinion held:

> In our opinion, the fact that a litigant submitting papers to a tribunal on a pro se basis has received legal assistance behind the scenes is not material to the merits of the litigation. Litigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure.

In addressing the Court's concern that a pro se litigant might inappropriately receive the benefit of liberal construction of pleadings, the opinion provides the following commentary:

> We do not share that concern, and believe that permitting a litigant to file papers that have been prepared with the assistance of counsel without disclosing the nature and extent of such assistance will not secure unwarranted "special treatment" for that litigant or otherwise unfairly prejudice other parties to the proceeding. Indeed, many authorities studying ghostwriting in this context have concluded that if the undisclosed lawyer has provided effective assistance, the fact that a lawyer was involved will be evident to the tribunal. If the assistance has been ineffective, the pro se litigant will not have secured an unfair advantage. As stated by one commentator: Practically speaking ... ghostwriting is obvious from the face of the legal papers, a fact that prompts objections to ghostwriting in the first place.... Thus, where the court sees the higher quality of the pleadings, there is no reason to apply any liberality in construction because liberality is, by definition, only necessary where pleadings are obscure. If the

pleading can be clearly understood, but an essential fact or element is missing, neither an attorney-drafted nor a pro se-drafted complaint should survive the motion. A court that refuses to dismiss or enter summary judgment against a non-ghostwritten pro se pleading that lacks essential facts or elements commits reversible error in the same manner as if it refuses to deny such dispositive motions against an attorney drafted complaint. Because there is no reasonable concern that a litigant appearing pro se will receive an unfair benefit from a tribunal as a result of behind-the-scenes legal assistance, the nature or extent of such assistance is immaterial and need not be disclosed.

In addition, a recent review of all fifty (50) states Rules of Professional Responsibilities surmised that only in Massachusetts (Mass. Bar Ass'n. Comm. on Prof'l Ethics, Op. 98-1 (1998)) is ghostwriting specifically prohibited. *(see,* lawyerist.com/ethic-ghostwriting-pro-se-litigants/).

Based upon the foregoing, Plaintiff contends that legal ghostwriting by a practicing attorney for a pro se client does not violate any stated ethical considerations.

### RULE 11 CONSIDERATIONS OF GHOST WRITING FOR A PRO SE PARTY

The foregoing argument regarding the ethical considerations of legal ghostwriting does not in itself resolve the Court's concern or inquiry regarding the practice. In addressing whether an attorney's preparation of documents to be filed with a court or other tribunal violates Rule 11 the rule itself states:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Based upon the language of the Rule itself, the pro se Plaintiff has satisfied the requirements of Rule 11.

In addition, federal courts have held that ghostwriting is not a "per se" violation of Rule 11. (*See*, Delso v. Trs. for the Ret. Plan for the Hourly Employees of Merck & Co., No. 04-3009, 2007 WL 766349, at 17 (D.N.J. Mar. 6, 2007); Kircher v. Charter Twp. of Ypsilanti, No. 07-13091, 2007 WL 4557714, at 4 (E.D. Mich. Dec. 21, 2007)).

The Second Circuit Court of Appeals became the first federal appellate rule that "Rule 11 ...does not govern [ghostwriting] ...since that rule ... requires the signature of the 'attorney of record,' . . . not a drafting attorney". In re Liu, 664 F.3d 367, 372, n. 5 (2d Cir. 2011) (*per curium*). In doing so, the Second Circuit has eliminated the Rule 11 concern completely.

The Local Rules for the Southern District of Georgia also provide in LR 83.5(a) that "any attorney who appears in a case or proceeding, or who represents a party in interest in a case or proceeding, may for good cause shown, and after notice and hearing, be disbarred, suspended from practice for a definite time, reprimanded, or subjected to such other discipline as the Court may deem proper".

This rule clearly distinguishes between "appearing" or "representing" and provides the Court with an appropriate remedy against an attorney despite whether Rule 11 makes that attorney so liable. Based upon this local rule, the Court's concern that an attorney who does not formally "make an appearance" may not be subject to sanction or reprimand is simply not warranted.

Furthermore, federal courts have drawn a specific distinction between corporate and individual litigants. Federal courts have held that because a corporation may appear

in the federal courts only through licensed counsel, the signature of an officer or director of a corporation is not sufficient to constitute a signature under 11(a). (*See* Tinsley v. Union Planters Corp., No. 02-2606-Ma/A, 2002 U.S. Dist. LEXIS 26254, at 5 (W.D. Tenn. Aug. 7, 2002); Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001)). No such ruling has been carved out regarding pro se individual litigants.

PARTICULAR QUESTIONS RAISED BY THIS COURT

Assuming the above arguments are not persuasive, this Court in its Order dated September 11, 2019 specifically requested briefing on three particular issues. Those issues are addressed below.

    **I.    Whether all pleadings, including the Complaint, which reflect that they were ghostwritten by Mr. Gregory Bennett are void or merely voidable.**

Plaintiff was unable to find any authority specifically addressing this issue. However, the language of Rule 11(a) states, "the court must strike an unsigned paper *unless* the omission is promptly corrected after being called to the attorney's or party's attention". (Emphasis added.) Accordingly, should this Court deem the ghostwritten documents a violation of Rule 11, the, the language of the Rule itself allows for cure of the violation, thus making the violation voidable, but not void.

    **II.    If either party contends that the ghostwritten pleadings are merely voidable, will Mr. Gregory Bennett enter his appearance in this case and resubmit the pleadings under his own signature.**

Simultaneously herewith, Attorney Bennett has filed a "Motion for Admission *pro hac vice* for the Limited Purpose of Signing All Ghostwritten Documents Previously Submitted or as May be Hereinafter Submitted Pursuant to Rule 11 of the Federal Rules of Civil Procedure". Assuming the Court permits attorney Bennett to do so, attorney Bennett is willing to resubmit the pleadings jointly under his signature and under the signature of Mr. John Bennett who will continue to pursue this action pro se or with the benefit of another lawyer. However, arguably adding a Rule 11 signature statement to all documents would seem to also satisfy the signature requirement without the necessity of resubmitting each pleading in total. In either event, Gregory Bennett is willing to comply with the Court's further orders in this regard.

### III. If the pleadings are void and Gregory Bennett will not enter an appearance, should this case be dismissed with or without prejudice?

Because Mr. Gregory Bennett has agreed to resubmit the pleadings jointly under his signature and under the signature of the pro se plaintiff, the latter portion of this question becomes moot. However, the question still remains, that if the pleadings are void, should this case be dismissed with or without prejudice?

In addressing this matter, the Supreme Court has recognized that "[a]t common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. Costello v. United States, 365 U.S. 265, 285 (1961). However, as a practical matter, should this Court deem the pleadings to be "void", even if this case is dismissed without prejudice, any refiling that could not relate back to the original documents would be deemed to have exceeded the Statute of Limitations on Plaintiff's case.

Based upon the foregoing, Plaintiff argues that legal ghostwriting is neither unethical nor does it violate the signature requirement of Rule 11(a). Should this Honorable Court rule otherwise, then the attorney preparing Plaintiff's pleadings should be allowed to cure the defect as promulgated by the directive contained therein.

Respectfully submitted, this the ___8TH___ day of October, 2019.

_____
John P. Bennett,
Pro se*
44 Belle Grove Circle
Richmond Hill, Georgia  31324
(912) 656-5646

*This document was prepared by attorney Gregory E. Bennett, TN BPR #025145 (active), NC Bar #20700 (active) Ga. Bar #050510 (inactive), Post Office Box 1516, Seymour, Tennessee  37865, telephone number (865)310-5655, email - gebennett@bellsouth.net, at the request of and with information supplied to him from the pro se litigant. Pro se litigant has been advised that the attorney preparing this document has not and does not offer any legal opinion or advice upon which said litigant can or should rely. Said litigant is also advised that the above attorney does not represent said litigant beyond the preparation of this document.

CERTIFICATE OF SERVICE

I, John P. Bennett, the undersigned pro se litigant, do hereby certify that I have served all parties with a copy of the attached Response to Court Order dated September 11, 2019 by placing the same in the United States mail, in a properly addressed envelope, with adequate thereon to the following to:

>Amanda Rodman Smith, Attorney
>Hall, Bloch, Garland & Meyer, LLP
>Post Office Box 5088
>Macon, Georgia  31208-5088
>
>Jacqueline M. Holmes, Attorney
>Jones Day
>51 Louisiana Avenue, N.W.
>Washington, D.C.  20001

This 8TH day of October, 2019.

John P. Bennett,
44 Belle Grove Circle
Richmond Hill, Georgia  31324
(912) 656-5646