# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN P. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-130 |
| | ) | |
| CSX TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Gregory E. Bennett's response to the Court's Show Cause Order, doc. 29, and Motion for Admission *pro hac vice*, doc. 30,[1] as well as, plaintiff's Motion for Ruling, doc. 36. For the foregoing reasons, both motions are **DENIED**. *Pro se* plaintiff, John P. Bennet, is **DIRECTED** to file any supplement he desires to his responses to defendant's motion for summary judgment within **thirty days** from the date of this Order.

This Court previously entered an order noting that Gregory Bennett ("Mr. Bennett") had drafted several documents for *pro se* plaintiff John Bennett ("Plaintiff"). Doc. 28. The Court directed Mr. Bennet to show cause why his

---

[1] Mr. Bennett has filed a supplement to his Motion for Leave to Appear *Pro Hac Vice* at doc. 33. That motion should be **TERMINATED** by the Clerk.

(and by association plaintiff's) conduct had not violated Rule 11. *Id.* Mr. Bennett responded, doc. 29, and filed a motion to appear *pro hac vice*, doc. 30.

In his response, Mr. Bennett acknowledged that "various state bar associations and the American Bar Association have been more supportive to the general concept of legal ghostwriting than . . . the courts." Doc. 29 at 1. Mr. Bennett argued that a review of the legal literature and various state professional ethics rules indicates that ghostwriting does not violate the ethics rules. *Id.* at 5. Moreover, he argued that Rule 11 would not apply to his actions because it requires an attorney who "appears in a case or proceeding," or who "represents a party in interest in a case or proceeding." *Id.* at 6; S.D. Ga. L.R. 83.5(a).[2]

While the Court remains skeptical that this course of action is one which *should* be taken, the Court is satisfied that Mr. Bennett did not take his action with the intent to violate Rule 11. Accordingly, the Court declines to recommend him for sanctions either in this Court or to the various bar

---

[2] Bennett's argument that he is not subject to the strictures of Rule 11 exposes the fundamental problem with ghostwriting. Bennett's argument would create a space where an attorney might reap the benefit of his professional services, *i.e.* charge a fee, while avoiding an important component of his professional responsibility, *i.e.* his professional obligations to the Court. There is no indication here that Mr. Bennett has accepted payment for drafting pleadings in this case, and, as discussed below, the Court agrees that no sanction is appropriate. However, the practice of ghostwriting, if permitted by the Court in this benign form, would unacceptably open the door to abuse by less scrupulous practitioners than Mr. Bennett appears to be.

associations of which he is a member.  Nevertheless, Mr. Bennett is cautioned against engaging in this ghostwriting behavior in this Court in the future, *and he should not continue to do so* having been made aware of this Court's position on ghostwriting.  Doc. 36 (plaintiff motion prepared by Mr. Bennett and dated February 28, 2020).  Regardless of whether his actions are supported by academic literature in other districts or bar associations, this Court will not condone it should it become aware of it again.

Mr. Bennett has requested to appear *pro hac vice* in an effort to correct the errors identified above.  Doc. 30.  According to his supplement to his motion for admission, Bennett is unable to remember the cases for which he appeared as counsel in this district while he was a member, but he has at least made an effort to list those cases in which he has appeared in the Eastern District of Tennessee where he currently *is* admitted.  Doc. 33.  He has also provided a certificate of good standing from that district, and has paid the filing fee.  *See* docs. 30, 30-1.  However, the Court cannot accept Mr. Bennett's *pro hac vice* application as it currently stands because it does not designate a "willing member of this Court's bar upon whom motions and papers may be served and who shall be responsible for and have full authority to act for and on behalf of the client in all proceedings  related to the case including hearings, pretrial conferences, and trials, should the petitioner fail to respond to any court order

3

for appearance or otherwise." S.D. Ga. L. R. 83.4.  Accordingly, Mr. Bennett's application for leave to proceed *pro hac vice*, is **DENIED**.  Doc. 30.

The Court is conscious that this determination calls into question all of the filings heretofore made by plaintiff in his own name, and most particularly, those filed in response to defendant's motion for summary judgment.  However, while those filings were drafted by Mr. Bennett, they were signed by plaintiff.  Mr. Bennett contends that his ghostwriting does not violate Rule 11, doc. 29 at 7, and defendant agrees that *at most* the documents are voidable, doc. 35 at 2.  Defendant believes that any error can likewise be rectified by Mr. Bennett appearing *pro hac vice* and submitting the pleadings under his own signature and certifying that there are proper grounds for the pleadings.  *Id.*  As Mr. Bennett's *pro hac vice* application is insufficient, *that* route to correct the errors is not currently possible.

However, there is no question that some individual must accept full responsibility for the filings in this case and subject themselves to the strictures of Rule 11.  Ostensibly, plaintiff has *already* taken responsibility for these documents by signing them in his own name.  *See, e.g.*, doc. 1 at 4 (noting that "[p]ro se litigant has been advised that the attorney preparing th[e] document has not and does not offer any legal opinion or advise [sic] upon which said litigant can or should rely.  Said litigant is also advised that the above attorney

4

does not represent said litigant."). However, the Court acknowledges his acceptance of responsibility is not entirely clear from the record and the consequences of these actions may not be entirely clear to a *pro se* plaintiff.[3] Accordingly, the court will afford *pro se* plaintiff an opportunity to accept full and exclusive responsibility for these pleadings and file any addendum he believes is necessary given his *pro se* status.

He may do so in one of two ways. Plaintiff may refile any response to the motion for summary judgment within thirty days from the date of this Order. This response must be prepared entirely by plaintiff and represent his own independent understanding of the procedure.[4] Plaintiff is advised that any

---

[3] In brief, Fed. R. Civ. P. 11 states that "[b]y presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information."

Failure to comply with this rule subjects a party to sanctions including, but not limited to, monetary penalties. Plaintiff subjects himself personally to these obligations by signing documents in his name and proceeding *pro se*. *See United States v. Barker*, 19 F. Supp. 2d 1380, 1385 (S.D. Ga. 1998) (finding even pro se defendants subject to Rule 11).

[4] The Court makes no finding and issues no opinion on whether and to what extent plaintiff

response he files will supersede the original response and therefore must be complete in itself.  *See, e.g., Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint").  In the alternative, plaintiff may rest on the pleadings he has already filed in his name.  If no amended response is filed within the time frame listed above, the Court will determine that plaintiff intends to be responsible for the documents which he signature filed, even though those documents were not drafted by plaintiff.

**SO ORDERED,** this 22nd day of September, 2020.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

can consult with legal sources in the preparation of any supplemental documents.  Suffice it to say that what has happened is simply a bridge too far.  Plaintiff may not have an attorney prepare a legal document for him *in toto* and then represent that he is proceeding *pro se*.