## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JOHN P. BENNETT, )
)
     Plaintiff, )
)
v. )          CV417-130
)
CSX TRANSPORTATION, )
)
     Defendant. )

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is defendant's Motion for Summary Judgment, doc. 21. For the following reasons the motion should be **GRANTED**. The Motion for Ruling of Defendant's motion for summary judgment, doc. 38, is **DISMISSED AS MOOT**.

## BACKGROUND

Plaintiff is a former union member and locomotive engineer for defendant CSX Transportation ("CSX") who is appealing a labor arbitration award issued by the Public Law Board ("Board") pursuant to a labor agreement. In 2014, plaintiff was terminated because he was caught driving his locomotive fourteen miles over the speed limit. Doc. 10-2 at 12. The Federal Railroad Administration details certain rules

violations, including operating at more than 10 miles per hour over the posted speed limit, for which immediate revocation of a certification[1] is appropriate.    49 C.F.R. § 240.117(e)(2); 240.117(c)(1).    After an investigation into the incident, CSX held a hearing and dismissed plaintiff for violating an internal operating rule prohibiting employees for speeding and temporarily revoked his certification.  Doc. 10-2 at 1, 13, 58.  Plaintiff attended the hearing with a union representative and acknowledged that he was prepared to proceed.  *Id.* at 11.  At the hearing, testimony from a road foreman showed that plaintiff knew of the speed limit in the area where his violation occurred, and plaintiff conceded that he was aware of the speed limit.  *Id* at 19-20, 41-42.

Plaintiff's union, the Brotherhood of Locomotive Engineers and Trainmen, appealed plaintiff's termination both to CSX and to an arbitration panel of the Board.  *Id.* at 86.  The argument raised in the arbitration was that the speeding violation was a "minor oversight," and that plaintiff's tenure with CSX was long enough to justify leniency.  *Id.* The arbitration panel ruled against plaintiff.  CSX determined that the

---

[1] The certification in this case is one who is a "certified locomotive engineer."  49 C.F.R. §
240.117(c)(1).

dismissal was justified.  *Id.* at 82-83.  The Board as arbitral tribunal also denied petitioner's claim.  *Id.* at 4.

Plaintiff filed this complaint, ostensibly *pro se*, on July 13, 2017 alleging that the ruling of the Board was "unreasonable, arbitrary and capricious."  Doc. 1 at 2.  He asserted that the Board relied on an Event Recorder Automatic Download ("ERAD") which could not recognize temporary slow zones and claimed that the Board inappropriately reviewed his Family and Medical Leave Act absences in reaching a decision.  *Id.* at 3.  He also believed that the Board was provided video evidence of a speeding train which was not driven by plaintiff, thereby constituting fraud.  *Id.*  Plaintiff sued the Board, CSX and his union.  *Id.* at 1.

The union, doc. 6, and the Board, doc. 16, filed motions to dismiss which were granted by the assigned district judge, doc. 19.  CSX filed the instant motion for summary judgment shortly thereafter.  Doc. 21. However, prior to ruling on the motion, the Court recognized that— although appearing *pro se*—his filings were being ghostwritten by another party.  Doc. 28.  Accordingly, the Court administratively terminated the motion for summary judgment pending the outcome of

3

that inquiry.  *Id.* at 6-7.  Having disposed of that concern (as well as the ghostwriter himself[2]) the Court granted plaintiff the opportunity to supplement any opposition or adopt the ghostwritten documents as his own.  Doc. 37.  Plaintiff then filed a Motion for Ruling, doc. 38, without filing any supplement.  The Court **CONSTRUES** this as an adoption of the prior filings.  Accordingly, the Court determines that the Motion for Summary Judgment should be **REOPENED** and is ripe for review.

## ANALYSIS

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

---

[2] Although Mr. Bennett's pseudo-counsel was not sanctioned for his actions after having adequately responded to the Court's show-cause Order, he was unable to file a properly supported *pro hac vice* application.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. *See id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. *Anderson*, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the

nonmoving party. *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County*, 630 F.3d 1346, 1353 (11th Cir. 2011) (*citing Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (emphasis and citations omitted).

Because this is an administrative appeal from an arbitration decision, the award may be vacated only for failure "to conform, or confine itself, to matters within the division's jurisdiction, or [iii] for fraud or corruption by a member of the division." 45 U.S.C. § 153 First (q). "It is thus firmly established that courts will not review the substance of a labor arbitration award for ordinary error and that courts will not vacate an award because a judge might have reached a different result." *See Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272, 1276 (11th Cir. 1982) (*citing Safeway Stores v. American Bakery Workers, Local 111,* 390 F.2d

79, 82-83 (5th Cir. 1968)[3]; *Francesco's B., Inc. v. Hotel Employees Union, Local 28,* 659 F.2d 1383, 1388-89 (9th Cir. 1981); R. Gorman, Basic Text on Labor Law 585-86 (1976)).  The Eleventh Circuit has explained that "[s]ubstantive judicial review of an arbitral award is limited to a determination of whether the award is irrational, whether it fails to draw its essence from the collective bargaining agreement, or whether it exceeds the scope of the arbitrator's contractual authority." *Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines, v. CSX Transp., Inc.*, 455 F.3d 1313, 1316 (11th Cir. 2006) (citing *Loveless*, 681 F.2d at 1276 and *Norfolk v. W. Ry. Co. v. Transp. Commc'ns Int'l Union*, 17 F.3d 696, 700 (4th Cir. 1994)).  A determination is "irrational," only where "the reasoning [of the award is] so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *Safeway Stores v. Am. Bakery and Confectionery Workers Int'l Union*, 390 F.2d 79, 82 (5th Cir. 1968). Likewise, an award exceeds the authority of the arbitrator only if the arbitrator "modifies the contract's clear and unambiguous terms."

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1088 (11th Cir. 2016). Finally, to show fraud, plaintiff must demonstrate "an extremely high degree of improper conduct" requiring "a greater evidentiary showing than under common law." *Union Transp. Union v. Birmingham S. R.R. Co.,* 2014 WL 1338158 at * 16 (N.D. Ala. Mar. 31, 2014) (internal quotation omitted).

Plaintiff has not met any of the standards necessary to set aside the arbitration decision.  As an initial matter, the Board did not exceed its jurisdiction by acting beyond the scope of its authority.  Rather, the Board merely determined that there was sufficient evidence to find that petitioner had violated the speed restriction.  Doc. 10-3 at 3.  This finding justified plaintiff's dismissal under Article 30 of the applicable collective bargaining agreement and making the determination was clearly within the scope of the various agreements.  Indeed, that the Board could make the determination is not expressly challenged by plaintiff.   Rather, plaintiff appears to argue that the Board exceeded its authority by relying on evidence which it should not have considered.  Doc. 23 at 3-4. However, the Board is allowed to determine what evidence it wishes to

rely on and what evidence it did or did not rely on is not among the enumerated reasons to overturn. *Henry v. Delta Air Lines,* 759 F.2d 870, 873 (11th Cir. 1985) (finding no error where Board did not review certain personnel records which were withheld by employer).   Likewise, the evidence plaintiff asserts the Board *did* review inappropriately—the FMLA leave information, the ERAD data, and the potentially fraudulent video of a speeding train—was not dispositive.  Indeed, plaintiff admitted that he operated "his train in excess of the posted speed," although he was "aware that a temporary speed restriction of the twenty-five (25) mph existed at the location in question."  Doc. 10-1 at 4-5.

Similarly, there is no indication that the Board acted irrationally. Plaintiff asserts that it was irrational for the Board to review evidence of a nine-year-old offense and his FMLA leave.  Doc. 23 at 2-4.   Nothing prohibited the Board from considering offenses older than five years, however, unless it was considering progressive discipline.  Doc. 10-2 at 98.  Here, the Board was considering only termination.  Thus, nothing in the collective bargaining agreement prevented the Board from hearing the evidence, regardless of whether the infraction had been removed from consideration in plaintiff's employment record.   Doc. 23 at 3.

Furthermore, as defendant points out, the exhibits for the on-property investigation did not include the disciplinary entry, doc. 10-2 at 50-79, nor did the transcript of the proceeding, *id.* at 6-49.  While Plaintiff's FMLA information was contained in calendar entries reviewed by the Board, its presence is also not enough to overturn the decision.  The calendar entries were proffered for the purpose of, and used to discuss, only whether Plaintiff had worked in certain areas (including the speed restricted area) prior to his speeding incident.  Doc. 10-2 at 20-21.  In fact, the Board noted that the "only purpose and "only reason" for the documents were to establish that Plaintiff had worked in the area where the speed restriction existed.  *Id* at 21.  Moreover, no party to the arbitration—either in the submissions or the award itself—referenced the FMLA leave.  Doc. 10-1, doc. 10-2.

Plaintiff also complains that the Board was irrational in firing him because they had apparently reinstated some individuals who had committed similar offenses.  Doc. 23 at 2-4. Whether or not the Board allowed some individuals to be reinstated for their speeding offenses has no bearing on the Board's irrationality.  It was entirely within the purview of the Board to determine that dismissal was warranted.

Finally, plaintiff asserts that there was fraud or corruption when the Board reviewed a video which—in his opinion—showed a different train than the one he was driving. As an initial matter, even if the video was a fraud, plaintiff still confessed to driving his train faster than the speed limit. Second, even if the video depicted the incorrect train, there is no indication that the Board committed fraud or was otherwise corrupt. In fact, even if all of plaintiff's claims are true, all it indicates is that some third-party may have committed fraud on the Board, not that there was fraud in the decision. Plaintiff neither asserts that the Board was aware of any error, nor that the error was in any way dispositive of his case. More problematic, is the fact that plaintiff has provided no evidence, other than his bare assertion, that the video was incorrect. The standard for overturning an arbitration determination on the basis of fraud requires an extremely high degree of improper conduct. *See supra* p. 7. Pretermitting whether the allegations regarding the video are true, they simply do not rise to this level. In the absence of that showing, the Court cannot find that there was sufficient fraud or corruption to review, let alone overturn the Board's determination.

The Court recognizes that Mr. Bennett had a long history of employment with CSX.  However, the standard of review applicable to these cases precludes review of the arbitration determination unless certain specific showings are made.  Plaintiff's allegations and responses to the Motion for Summary Judgment do not contain sufficient factual showings to allow the Court to reach beyond the scope of the Board's determination.  There is no indication that the Board's decision was beyond the scope of its authority, irrational, or brought about by fraud.  As a result, the Motion for Summary Judgment, doc. 21, should be **GRANTED** and this case **DISMISSED**.  The Motion for Ruling on Defendant's motion for summary judgment, doc. 38, is **DISMISSED AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment should be **GRANTED**, doc. 21, and the case **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.

The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>21st</u> day of April, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA