UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN P. BENNETT,<br>   Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION,<br>   Defendant, | )<br>)<br>)<br>)   CV417-130<br>)<br>)<br>) |

REF: OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

To Whom It May Concern,

My name is John Bennett and I respectfully submit this letter as an objection to the recent decision by Judge Christopher L. Ray. This case began when my employer, CSX Transportation, received an alert from an automated locomotive event recorder detecting an unusual braking event on a locomotive. Their investigation into the details of the event led to me and my conductor being charged with allowing our train to operate above the posted speed limit. We were both removed from service and my Federal Locomotive certification was suspended pending the outcome of a formal hearing pursuant to our respective Collective Bargaining Agreements. This hearing was held on January 23, 2014. In attendance at this hearing were myself, my conductor Philip Thomas, our respective Union representatives, the CSX Witness and a CSX Hearing Officer. As a result of this investigation I was found guilty and my employment as a locomotive engineer with CSX was terminated. I also believe that other evidence and testimony presented during this hearing and later cited as my case wound through the Court was misconstrued and misunderstood by the people tasked with weighing the evidence and issuing judgement.

The basis for my objection starts with the hearing itself. The written transcripts from the hearing on January 23, 2014 are difficult to decipher, confusing to follow and fail to provide a clear picture of my involvement in the events being investigated. During this hearing it was revealed that CSX failed to provide an official download of the locomotive engine I was operating on the night in question. My Union Representative objected to the failure of the Carrier to produce this evidence and was overruled by the Hearing Officer. I believe that this information would have helped develop a more complete picture of the events surrounding the incident in question. It has been stated that the testimony in the transcripts shows I admitted to allowing my train to operate over the posted speed limit. This is incorrect. It is a matter of record that at no time did I admit to intentionally operating my train in excess of the authorized

speed limit. The only admittance I made was that I had overlooked an advance warning display or failed to realize that the advance warning display was missing.

I would also like to raise an objection on the fact that even though my conductor, Mr. Philip Thomas, testified that he felt responsible to missing the advance warning as well as failing to act and yet he only received a discipline of time served under suspension. The disparities in punishment are glaringly obvious and appear to be biased even though we were charged as a single crew. I also have difficulty understanding why mine and Mr. Thomas's past work history was never brought up but the Neutral overseeing Public Law Board No. 7694 felt compelled to mention and use a 9-year-old infraction on my record to justify his ruling in favor of the Carrier. I feel too that this notation has had some influence on the decisions that have been rendered over the course of my case's progression.

I believe I was targeted and terminated due to my family medical leave act. My FMLA was violated by road foreman, Robert Bush, during my investigation. I was also required to travel to CSX Headquarters in Jacksonville, Florida during 2012. During this investigation I was questioned and intimidated by Division Superintendent, Don Jones and his assistant superintendent, Chris Worth.

In my investigation on January 23, 2014, not only was my FMLA attendance record questioned; but a previous violation at my arbitration was brought into question. Under the BLE T Agreement, Article 30B-4, C, states an employee's personal service record or employee history will not be included in, or referred to in the hearing or in transcript of the proceedings of the hearing. Based on violation of their own rule, the investigation should have become void and never brought to arbitration.

In closing, I would like to add that after serving my country as a United States Marine I took that same great pride and applied it to my work as a locomotive engineer. I humbly request that this ruling be set aside, and my case re-opened so that an impartial panel can hear all the details and weigh them alongside my personal testimony. And while the loss of this job has been financially devastating to my family and myself, the mere fact that a Corporation like CSX can throw away a 16-year career employee without so much as a fare thee well has shaken me to the core and profoundly affected my ability to locate work that I found as rewarding as being a locomotive engineer.

Respectfully Submitted,

*[signature]* 5-10-21

John P. Bennett