# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOHN P. BENNETT,

    Plaintiff,

v.

CSX TRANSPORTATION,

    Defendant.

CIVIL ACTION NO.: 4:17-cv-130

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's April 21, 2021, Report and Recommendation, (doc. 39), to which plaintiff has filed an objection, (doc. 41), and defendant has filed a response, (doc. 42). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

Plaintiff's Complaint seeks to vacate a labor arbitration award by Public Law Board No. 7694 (Board) which upheld the termination of his employment with defendant. (See, generally doc. 1.) The sole remaining defendant, CXS Transportation, filed a motion for summary judgement, (doc. 21), which has been fully briefed, (doc. 23 (response); doc. 25 (reply)). The Magistrate Judge found that plaintiff has failed to present facts sufficient to support his claims and recommended that the motion for summary judgment be granted. (Doc. 39.)

A motion for summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Eleventh Circuit has stated that "judicial review of arbitration decisions is among the narrowest known to the law." *AIG Baker Sterling Heights, LLC v. Am.*

*Multi–Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (citation and internal quotation marks omitted). Under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* (RLA), the grounds on which a Court can overturn a decision of a public law board are limited to only "[1)] failure of the [Board] to comply with the requirements of [the RLA], 2)] failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction, or 3)] for fraud or corruption by a member of the [Board] making the order." 45 U.S.C. § 153(q). "It is thus firmly established that courts will not review the substance of a labor arbitration award for ordinary error and that courts will not vacate an award because a judge might have reached a different result." Bhd. of Locomotive Eng'r & Trainmen Gen. Comm. Of Adjustment CSX Transp. N, Lines v. CSX Transp., Inc., 455 F.3d 1313, 1316–17 (11th Cir. 2006) (quoting Loveless v. Eastern Air Lines, Inc., 681 F.2d 1272, 1276 (11th Cir.1982)). In reviewing the award, the relevant considerations are "whether the award is irrational, whether it fails to draw its essence from the collective bargaining agreement, or whether it exceeds the scope of the arbitrator's contractual authority." (Id. at 1317).

Plaintiff's objections fall under the second and third categories enumerated in § 153(q): the failure of the award to conform, or confine itself, to matters within the scope of the Board's jurisdiction and fraud or corruption by a member of the Board in making the order. In regard to the award exceeding the scope of the Board's authority, plaintiff argues that the Board improperly disregarded the potentially valuable Event Recorder Automatic Download and considered both his prior disciplinary record and Family and Medical Leave Act absences in violation of the collective bargaining agreement. (Doc. 41 at 1.) These arguments were previously considered by the Magistrate Judge and properly rejected. (See, doc. 39 at 8–10.) The discretion of the Board as to what evidence it considers and the weight it chooses to assign are not for this Court to review.

See, Henry v. Delta Air Lines, 759 F.2d 870, 873 (11th Cir. 1985) (finding that the refusal of a board to order the employer to produce his personnel file did not fall under the categories enumerated in 45 U.S.C. § 153(q)). As the Magistrate noted, and contrary to plaintiff's contention, the Board is not prohibited from considering his prior disciplinary record in this matter concerning his termination. (Doc. 39 at 9; cf., doc. 21-4 at 54 (collective bargaining agreement) ("The employee's personal service record, discipline record or employee history will not be included in or referred to in the hearing or in transcript of the proceedings of the hearing. The employee's personal service record may be taken into consideration in assessing the amount of discipline imposed, in any." (emphasis added)).) Furthermore, it does not appear from the record that plaintiff's absenteeism was considered by the Board in reaching its determination. (See, doc 10-3.)

Plaintiff also objects to the Magistrate Judge's finding that he admitted to operating the locomotive at an excessive speed. (Doc. 41 at 1–2.) This objection is inconsistent with the record. In his submission to the Board, plaintiff, through his representative, stated that he "readily admits his error in operating the train in excess of the posted speed." (Doc. 10-1 at 4.) He also identifies an exchange during the formal investigation in which he concedes to being aware that the speed had been temporarily reduced to 25 miles per hour and that the train was traveling at 39 miles per hour. (Id. at 4–5.) The Court does not assign to this admission the same weight as the Magistrate Judge, as the ultimate question presented the Board was the appropriateness of plaintiff's termination, not his culpability in violating the temporary speed limit. The Award makes clear that these statements, or similar testimony, were considered in support of the Board's conclusion. (Doc. 10-3 at 3 (award).) It is irrelevant to the limited factors for vacating the Award whether they constitute an admission or a less definitive form of evidence. See, Major League

Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.").

Plaintiff also argues that the Award should be vacated because it upheld a treatment more severe than was given to the other individual involved in the speeding incident. (Doc. 41 at 2.) He alleges that this evidences some type of bias, presumably based on his past absences or disciplinary record. (Id.) Though not clearly articulated by plaintiff, in order to give the objection some relevance to the available grounds for vacatur, the Court construes this as an argument that the Award is tainted by fraud or corruption. See, e.g., Lorisme v. I.N.S., 129 F.3d 1441, 1444 n. 3 (11th Cir. 1997) (liberally construing pro se brief). Ultimately, even under this characterization, the conclusory allegation of bias is not enough to demonstrate fraud in the award. The degree of misconduct under the RLA to constitute fraud or corruption is high and requires a "greater evidentiary showing than under common law." See, United Transp. Union v. Brimingham S. R. Co., 2014 WL 1338158, at *16 (N.D. Ala. Mar. 31, 2014) (citing Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991)). Offering no evidence of corruption or fraud beyond the disparate punishments of two individuals with undoubtedly different disciplinary and personal histories does not meet this burden.

Therefore, plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court. (Doc. 39.) Defendant's motion for summary judgment is **GRANTED**, (doc. 21), and plaintiff's Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 29th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA